UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

              v.

DWAYNE FULLER,

              Defendant.
-----------------------------------------------------X

**MEMORANDUM & ORDER**
07-CR-276 (NGG)

GARAUFIS, District Judge.

Defendant Dwayne Fuller ("Defendant" or "Fuller") is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 2, 2007, Fuller moved to suppress a gun seized pursuant to a warrantless search of his car, arguing that the search was illegal because it hinged on the claim that the officers detected the smell of marijuana and no marijuana was recovered from the car. Thus, he claims that "[t]his discrepancy in the record creates an issue of fact which can only be resolved at a hearing." (Fuller Declaration at 3.) On October 3, 2007, the Government filed a response, in which it argued that (1) Fuller's motion should be denied without a hearing because it was not accompanied by an affidavit containing specific factual allegations based on personal knowledge, (2) the firearm should not be suppressed because it was in plain view, and (3) the officers had probable cause to search the car. (Government's Memorandum in Opposition ("Govt. Br.") at 4-7.)

Since submitting the motion to suppress, Fuller has retained new counsel (Docket Entry #24), who has informed the court that Fuller will rely on the papers previously submitted in support of his motion to suppress, (Letter to the court dated October 9, 2007 from Attorney Jason Russo). For the reasons set forth below, Fuller's motion is DENIED.

## I. Background

On March 10, 2007, police officers observed Fuller's car "standing" next to a fire hydrant. (Fuller Declaration at 2-3.) When the officers pulled parallel to Fuller's vehicle, they observed Fuller in the car, and both Officer Sucre, sitting in the passenger seat of the patrol car, and Fuller rolled down their windows. (Id.; Govt. Br. at 3.) Officer Sucre, seated in the passenger seat, detected the smell of marijuana coming from Fuller's car. (Id.) He then exited his patrol car, approached Fuller's car, shined a flashlight into the vehicle, and observed a .40 caliber handgun between the driver's seat and the front center console of the vehicle. (Id.) Fuller was asked to step out of his vehicle and was placed under arrest. (Govt. Br. at 3.) The officers then entered the vehicle and recovered the handgun. (Id.).

## II. Discussion

As an initial matter, this court agrees with the government that in order to obtain a hearing on his motion, Fuller was required to create a factual dispute by submitting sworn factual allegations from an affiant with personal knowledge. See United States v. Fruchter, 104 F.Supp.2d 289, 308 (S.D.N.Y. 2000). Because he did not do so, a hearing is unnecessary. Id.

As to the merits of Fuller's motion, the Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Calif. v. Acevedo, 500 U.S. 565, 569 (1991). It is well established that an officer shining a flashlight into a vehicle is not in itself a Fourth Amendment violation. See Texas v. Brown, 460 U.S. 730, 739-740 (1983) (plurality opinion) (noting that it is "beyond dispute" that the action of a police officer in shining his flashlight to illuminate the interior of a car, without probable cause to search the car, "trenched upon no right secured . . . by the Fourth

Amendment"). In addition, an officer is "entitled to seize evidence revealed in plain view in the course of [a] lawful stop." United States v. Hensley, 469 U.S. 221, 235 (1985). Finally, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." Maryland v. Dyson, 527 U.S. 465, 467 (1999) (per curiam) (citation and internal quotation marks omitted).

Fuller concedes that the officers were authorized to approach his vehicle and ask him to move because he was parked next to a fire hydrant. (Fuller Declaration at 3.) Furthermore, Fuller concedes that, upon shining the flashlight into the car, Officer Sucre observed a firearm between Fuller's seat and the front center console of his car. (Id.) At this point, Officer Sucre was entitled to seize the gun that was in plain view. See Hensley, 469 U.S. at 235. In addition, the gun in plain view gave the officers probable cause to believe the car contained contraband, thus allowing them to search the car pursuant to the automobile exception to the search warrant requirement. See Dyson, 527 U.S. at 467.

Finally, the presence of the gun also gave officers probable cause to arrest Fuller, Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."), which provided a further basis for a warrantless search of the car incident to Fuller's arrest, Thornton v. United States, 541 U.S. 615, 623-624 (2004) ("So long as an arrestee is [a] 'recent occupant' of a vehicle . . . officers may search that vehicle incident to the arrest.").

## III. Conclusion

For the reasons set forth above, this court finds no basis from which to conclude that the warrantless seizure of the firearm violated Fuller's Fourth Amendment rights. Accordingly, Fuller's motion to suppress the firearm seized in the March 10, 2007 search of his vehicle is DENIED.

SO ORDERED.

Dated: October 10, 2007
Brooklyn, N.Y.

/signed/

NICHOLAS G. GARAUFIS
United States District Judge